UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x
In re: :
: In a case under Chapter 15
Petition of Peter C.B. Mitchell and D. Geoffrey : of the Bankruptcy Code
Hunter, as Joint Provisional Liquidators of :
LEHMAN RE LTD., : Case No. 09-14884 (JMP)
:
:
Debtor in a Foreign Proceeding x
------------------------------------------------------------------------------

## ORDER GRANTING RECOGNITION OF A FOREIGN MAIN
## PROCEEDING, PERMANENT INJUNCTION AND RELATED RELIEF

This matter having come before the Court upon (i) the Petition for Relief under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), dated August 6, 2009 (the "Petition") of Peter C.B. Mitchell and D. Geoffrey Hunter (the "Petitioners" or the "JPLs"), as provisional liquidators of Lehman Re Ltd., Provisional Liquidators Appointed (the "Company"), the foreign representatives, as defined under section 101(24) of the Bankruptcy Code, in the above-captioned case under Chapter 15 of the Bankruptcy Code, (ii) the Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Application for Order to Show Cause with Temporary Restraining Order, and Preliminary Injunction, dated August 6, 2009 (the "Verified Petition"),[1] (iii) the Declaration of Robin J. Mayor, dated August 6, 2009, (iv) the Declaration of Peter C.B. Mitchell, dated August 6, 2009, (v) the Affidavit of Gregory M. Petrick, duly sworn to on August 6, 2009, (vi) the Affidavit of Ingrid Bagby, sworn

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

to August 6, 2009, (vii) the Supplemental Declaration of Robin Mayor, dated September 11, 2009, (viii) the Supplemental Declaration of Peter C.B. Mitchell, dated September 11, 2009 (collectively with all other declarations submitted by the Petitioners, the "Declarations"), (ix) the Memorandum of Law in Support of (1) Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and (2) Application for Order to Show Cause with Temporary Restraining Order and Preliminary Injunction, dated August 6, 2009, and (x) the Omnibus Reply to Objections to Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding; for the entry of an order granting recognition of a foreign main proceeding, for a permanent injunction and related relief, and upon the Court's review and consideration of the foregoing; and the Petitioners having given notice by first class mail on all parties located in the United States, by express courier upon all parties located outside of the United States, and by e-mail upon all parties for whom the Petitioners had e-mail addresses and by publication in *The Wall Street Journal* (national edition) and *The Royal Gazette* (Bermuda); and the Petition having been the subject of three objections: the SunCal Debtors' Objection to Debtor in Foreign Proceeding's Petition for (1) Injunctive Relief and (2) Recognition under Chapter 15 of the Bankruptcy Code [Docket No. 33]; the Objection of Lusardi Construction Company to Motion of Foreign Representatives for Recognition and Related Relief under Chapter 15 of the United States Bankruptcy Code [Docket No. 31]; and the Response to Petition under Chapter 15 for Recognition of a Foreign Main Proceeding [Docket No. 36]; and the Court having held a hearing and heard the arguments presented at the hearing held on September 15, 2009; and based on the foregoing, the Court finds and concludes as follows:

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.) dated July 10, 1984.

2. Pursuant to 28 U.S.C. § 157(b)(2)(A), this is a core proceeding.

3. Venue is properly located in this District in accordance with 28 U.S.C. § 1410.

4. The Bermuda Proceeding is a "foreign proceeding" within the meaning of sections 101(23) and 1517(a)(1) of the Bankruptcy Code;

5. Each of the Petitioners is a "person" and a "foreign representative" within the meaning of sections 101(41), 101(24) and 1517(a)(2) of the Bankruptcy Code;

6. The Chapter 15 Petition satisfies the requirement of section 1515 of the Bankruptcy Code.

7. The Company has its center of main interests in Bermuda;

8. Recognition of the Bermuda Proceeding as a "foreign main proceeding" and application of the provisions of section 1520 of the Bankruptcy Code are not contrary to the public policy of the United States.

9. The Petitioners have demonstrated that the relief requested, including permanent injunctive relief, is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065 (the "Bankruptcy Rules");

10. The Petitioners have demonstrated that permanent injunctive relief would not cause undue hardships to the Company or other parties in interest that would not be outweighed by the benefits of such relief. Unless a permanent injunction is issued, it appears to the Court that one or more parties in interest may commence or continue actions or legal proceedings against the Company or its assets located in the United States thereby potentially interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy

Code, and interfering and causing immediate and irreparable harm to the Petitioners' efforts to administer the Company's estate pursuant to the Bermuda Proceeding, and undermining the Petitioners' efforts to achieve an equitable distribution for the benefit of the Company's creditors, and as a result, the Company and its creditors will suffer immediate and irreparable injury for which they will have no adequate remedy at law;

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the Bermuda Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 is granted, including the application of sections 361 and 362 of the Bankruptcy Code to the Company and the property of the Company that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of the Company in property that is within the territorial jurisdiction of the United States to the same extent these sections would apply to property of an estate; and it is further

ORDERED, that the Petitioners may operate the Company and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code; and it is further

ORDERED, that section 552 of the Bankruptcy Code applies to property of the Company that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that all persons and entities are permanently enjoined from seizing, repossessing, transferring, relinquishing or disposing of any property of the Company or the proceeds thereof in the United States; and it is further

ORDERED, that all persons and entities are permanently enjoined from: (a) commencing or continuing any action or legal proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever), including by way of counterclaim, against the Company, or any of its property in the United States, or any proceeds thereof, and seeking discovery of any nature against the Company; (b) enforcing any judicial, quasi-judicial, administrative judgment, assessment or order, or arbitration award, or commencing or continuing any action or legal proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against the Company or any of its property in the United States, or any proceeds thereof, including, without limitation, rights under reinsurance or retrocession contracts; (c) invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state, or local law or regulation requiring the Company to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any action or legal proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceedings or process whatsoever) and such statute, rule or requirement will be rendered null and void for such proceedings, provided however, that such injunction shall not restrict actions by an insurance company that has ceded reinsurance to the Company with respect to security provided by the Company that are permitted under an applicable reinsurance contract with the Company; and it is further

ORDERED, that all persons and entities in possession, custody or control of property of the Company, including but not limited to the Company's books and records, or the

proceeds thereof, are required to turn over and account for such property or proceeds thereof to the Petitioners; and it is further

ORDERED, that the Petitioners are established as the exclusive representatives of the Company with the exclusive authority to administer the Company's assets, including but not limited to the Commercial and Residential Loans, and with exclusive authority to administer the Company's affairs including, without limitation, any transfer of or withdrawals from any bank accounts maintained by the Company; and it is further

ORDERED, that that nothing in this Order shall in any respect prevent the commencement or continuation of any action or legal proceeding against any other insurer other than the Company; provided, however, that if any third-party shall reach a settlement with, or obtain a judgment against, any person or entity other than the Company, such settlement or judgment shall not be binding on or enforceable against the Company; and it is further

ORDERED, that pursuant to the agreement between the JPLs and Bacar Constructors, Inc., Humerick Environmental Construction, Inc., and Southeastern Golf, Inc. (collectively, the "Bacar Objectors"), the Bacar Objectors have withdrawn their objection to the Petition, and the JPLs agree not to market for sale the project commonly known as "Laurel Cove Property," located in Williamson County, Tennessee, or the promissory note secured by the Laurel Cove Property during the period from September 15, 2009 up to and including December 14, 2009 (the "Exclusivity Period") in order to allow the Bacar Objectors, individually or collectively, the opportunity to locate a purchaser of the Laurel Cove Property; however, during the Exclusivity Period or thereafter, the JPLs shall be permitted to exercise all rights and remedies available under applicable law with respect to the Laurel Cove Property, including, without limitation, prosecuting and effectuating foreclosure proceedings in respect of the Company's deed of trust on the Laurel Cove Property; and it is further

ORDERED, any stay or injunction entered by this Court, either through the recognition of the Bermuda Proceeding under Chapter 15, the application of 11 U.S.C. Sec 362 arising as a result of such recognition or otherwise, shall not apply to the pursuit of the pending claims, including mechanics and materialmen's liens claims, asserted solely against Laurel Cove Development, LLC and the Laurel Cove Property in the actions titled styled <u>Bacar Constructors v. Laurel Cove Development, LLC and Lehman Re Ltd.</u>, case no. 36291, <u>Southeastern Golf, Inc. v. Laurel Cove Development, LLC and Lehman Re, Ltd.</u>, case no. 36300, and <u>Humerick Environmental Construction, Inc. v. Laurel Cove Development, LLC and Lehman Re, Ltd.</u>, case no. 36518 , pending in the Chancery Court for Williamson County, Tennessee, provided that the Bacar Objectors shall not therein seek a determination of any matter relating to the Company or its rights, obligations or interests in the Laurel Cove Property or otherwise, including without limitation the Company's security interest in the Laurel Cove Property; and it is further

ORDERED, any stay or injunction entered by this Court, either through the recognition of the Bermuda Proceeding under Chapter 15, the application of 11 U.S.C. § 362 arising as a result of such recognition or otherwise, shall not apply to the pursuit of the pending claims against the Company by the Plaintiffs in that certain adversary proceeding filed by the SunCal Debtors[2] in the United States Bankruptcy Court, Central District of California entitled <u>Palmdale Hills Property LLC, et. al. v. Lehman ALI, Inc., et. al.</u>, Adversary No. 8:09-ap-01005-

---

[2] The term "SunCal Debtors" refers to the following entities collectively: Palmdale Hills, LLC, a Delaware corporation, SunCal Communities I, SunCal Communities III, LLC, SCC Palmdale, LLC, Acton Estates, LLC, SunCal Beaumont, LLC, SunCal Emerald Meadows, LLC, SunCal Johansson Ranch, LLC, SunCal Bickford Ranch, LLC, SunCal Summit Valley, LLC, Seven Brothers, LLC, Kirby Estates, LLC, SJD Partners, Ltd., a California limited partnership, SJD Development Corp., a California corporation, SCC Communities, LLC, North Orange Del Rio Land, LLC, Tesoro SF LLC, LB-L-Suncal Oak Valley, LLC, Suncal Heartland, LLC, LB-LSuncal Northlake, LLC, Suncal Marblehead, LLC, Suncal Century City, LLC, Suncal PSV, LLC, Delta Coves Venture, LLC, Suncal Torrance, LLC, and Suncal Oak Knoll, LLC.

ES (the "SunCal Adversary"), nor the exercise of the SunCal Debtors' rights under Chapter 11 in the SunCal Cases[3]; and it is further

ORDERED, the JPLs and the Company shall retain all rights, claims and defenses of any nature in connection with the SunCal Adversary and the SunCal Cases; and it is further

ORDERED, that with respect to the projects commonly known as (a) Residences at Ritz Carlton Philadelphia, and (b) 250 East 49th Street (each a "Property"), the stay of actions or proceedings against the Company and its property in the United States, as set forth in this Order, shall be effective pursuant to the terms hereof. However, should any of the following occur with respect to a particular Property (upon such event, the "Defaulted Property"): (i) a default by a party to that certain Mezzanine Loan Purchase Agreement (each an "MLPA") between the Petitioners and the Purchaser (as such term is defined in the MLPA), relating to the mezzanine loan secured by a particular Property, (ii) the MLPA relating to the mezzanine loan secured by the Residences at Ritz Carlton Philadelphia fails to close prior to November 3, 2009, or (iii) the MLPA relating to the mezzanine loan secured by 250 East 49th Street fails to close by November 12, 2009, then upon the occurrence of such event and only with respect to that Defaulted Property, the stay provided for in this Order shall, without further application to this Court, be automatically lifted and shall have no further force and effect solely with respect to any action or proceeding related to the rights of any creditor or other party with a contractual, legal, statutory or equitable interest in any asset, property or entitlement in that particular Defaulted Property; and it is further

ORDERED, that no action taken by the Petitioners, their successors, directors, officers, agents, employees, representatives, advisers or attorneys, or any of them, in preparing,

---

[3] The "SunCal Cases" shall refer to the Chapter 11 cases of the SunCal Debtors currently pending before the United States Bankruptcy Court, Central District of California.

disseminating, applying for, implementing or otherwise acting in furtherance of the Bermuda Proceeding, the OSC, this Order, any further order for additional relief in the ancillary proceedings or cases filed under chapter 15 of the Bankruptcy Code, or any adversary proceedings in connection therewith as the Bankruptcy Code may make, will be deemed to constitute a waiver of the immunity afforded to the Petitioners and their successors, directors, officers, agents, employees, representatives, advisers or attorneys, pursuant to section 1510 of the Bankruptcy Code; and it is further

ORDERED, that the Petitioners are authorized to transfer to the foreign proceedings subject to the chapter 15 case for distribution, any monies or assets of the Company, which the Company or the Petitioners have or may hereafter recover; and it is further

ORDERED, that upon separate application made pursuant to Bankruptcy Rule 2004, the Petitioners are authorized to issue subpoenas and conduct examinations of witnesses for the purposes of locating and identifying the Company's assets and liquidities, and the Company's books and records, including, but not limited to, records concerning the Company's finances and insurance transactions; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in the chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that no action described in sections 1519(d) and (f) of the Bankruptcy Code shall be enjoined by this Order; and it is further

ORDERED, that nothing herein nor the absence of an objection or a response by LBHI, LCPI and Lehman ALI Inc. (collectively the "Lehman US Entities") to the Verified Petition, the Declarations or the relief granted to the Petitioners herein shall be deemed

or construed as (i) a determination or waiver of any rights or claims of any of the Lehman U.S. Entities or the Petitioners with respect to the MRA, the Commercial Loans, the Residential Loans or otherwise; (ii) an admission of the validity of any liability or obligation of any of the Lehman U.S. Entities or the Petitioners with respect to the MRA, the Commercial Loans, the Residential Loans or otherwise or (iii) an admission by any of the Lehman U.S. Entities of the validity of any statements in the Verified Petition or the Declarations with respect to the MRA, the Commercial Loans, the Residential Loans or otherwise;

ORDERED, that this Order shall be served as follows:

(a) by United States mail, first class postage prepaid on the known parties in interest located in the United States, and by international mail on those parties located outside the United States, on or before September 30, 2009; and

(b) by publication of notice of entry of this Order in *The Wall Street Journal* (national edition) and *The Royal Gazette* (Bermuda) on or before September 30, 2009; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
September 24, 2009

    *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE